**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 10, 2012

No. 11-51075
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELISEO CHAVEZ-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1832-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Eliseo Chavez-Garcia pleaded guilty to illegal reentry. The district court sentenced him to a term of 71 months in prison, the top of the advisory range. Chavez-Garcia appeals, arguing that his punishment is excessive. We affirm.

Chavez-Garcia's sentence of 71 months is entitled to a presumption of reasonableness. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). As Chavez-Garcia concedes, his argument that the presumption does not apply

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-51075

because § 2L1.2 of the Sentencing Guidelines is flawed, is foreclosed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

He contends that the sentence failed to take into account that the crime of violence responsible for the 16-level enhancement was nearly 20 years old, that his recent behavior was nonviolent, and that illegal reentry is equivalent to the crime of trespass. The district court specifically considered and rejected these arguments after seeing and hearing the defendant. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We find no reason to conclude that the sentence is unreasonable for these reasons.

We turn next to Chavez-Garcia's argument that his sentence is not reasonable because § 2L1.2 is not the product of the Sentencing Commission's use of empirical data and national experience and results in double counting of prior convictions. To the extent that *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), gives courts discretion to deviate from the Guidelines based on such considerations, it does not require that they do so. *United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009). As for the double-counting argument, the use of a conviction both for determining the offense level and criminal history score does not necessarily render a sentence unreasonable. *See id.*

Chavez-Garcia has failed to overcome the presumption that his within-guidelines sentence is reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.